IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

TERAINO JOHNSON,

   *Petitioner*,

v.

UNITED STATES OF AMERICA,

   *Respondent*.

Civil Action No. RDB-23-80
Criminal Action No. RDB-18-567

\* \* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM ORDER

Pending[1] before the Court is *pro se* Petitioner Teraino Johnson's ("Petitioner" or "Johnson") Motion for an Equitable Return of Seized Property ("Motion for Return of Property") (Civil No. RDB-23-80, ECF No. 1). The Government opposes Petitioner's Motion for Return of Property and has submitted a response in support of its position. (Civil No. RDB-23-80, ECF No. 11.) The parties' submissions have been reviewed, and no hearing is necessary. *See* Local Rule 105.6 (D. Md. 2023). For the reasons that follow, Plaintiff's Motion for Return of Property (Civil No. RDB-23-80, ECF No. 1) is DENIED.

## BACKGROUND

Petitioner Teraino Johnson seeks to set aside the administrative forfeiture of $135,406 in U.S. currency (the "Subject Property") seized incident to the Drug Enforcement Agency's ("DEA") November 6, 2018 execution of federal search warrants on Petitioner's vehicle and a bag belonging to his coconspirator following the DEA's apprehension of Johnson and the coconspirator. (Civil No. RDB-23-80, ECF No. 1; Crim. No. RDB-18-567, ECF No. 36.)

---

[1] Also pending is Petitioner's Motion for Leave to File Reply, (ECF No. 16), which is DENIED AS MOOT.

During the search, agents found the Subject Property in Petitioner's vehicle, as well as approximately two kilograms of fentanyl in the coconspirator's bag. (Crim. No. RDB-18-567, ECF No. 36.) $135,406 is the approximate street value of two kilograms of fentanyl. (Civil No. RDB-23-80, ECF No. 11 at 1–2.)

Shortly after the Subject Property was seized, the DEA commenced administrative forfeiture against the Subject Property. (*Id.* at 2.) Public notification of the intent to forfeit the subject property was published by the DEA on www.forfeiture.gov for thirty consecutive days from January 7, 2019 to February 5, 2019. (*Id.*) In addition, the DEA sent direct notification via certified mail to Johnson at the Chesapeake Detention Facility in Baltimore, as well as another location known to be associated with the Petitioner. (*Id.*)

On April 27, 2019, Johnson pled guilty to Conspiracy to Distribute and Possess with the Intent to Distribute 400 grams or more of fentanyl, in violation of 21 U.S.C. § 846. (Crim. No. RDB-18-567, ECF Nos. 16, 36.) Johnson's plea agreement explicitly provided that the Court may enter an Order of Forfeiture as part of his sentence, which "may include assets directly traceable to the offenses, substitute assets, and/or a money judgment equal to the value of the property derived from, or otherwise involved in, the offenses. (Crim. No. RDB-18-567, ECF No. 36 ¶ 13.)

Because no claims to the Subject Property were filed, DEA asset forfeiture personnel completed a Declaration of Forfeiture for the Subject Property on May 10, 2019, certifying that notification was published pursuant to 19 U.S.C. § 1607 and notice was sent to all known parties who may have had a legal or possessory interest in the Subject Property. (Civil

No. RDB-23-80, ECF No. 11 at 2–3.)  The Subject Property was then declared forfeited to the government pursuant to 19 U.S.C. § 1609.  (*Id.* at 3.)

On November 18, 2019, this Court sentenced Johnson to 84 months' imprisonment, (Crim. No. RDB-18-567, ECF No. 48), and entered a Preliminary Order of Forfeiture for assets including the Subject Property, (Crim. No. RDB-18-567, ECF No. 46).  On January 22, 2020, this Court entered an Order Amending the Preliminary Order of Forfeiture, after the government notified the Court that the prior order provided for the forfeiture of assets (namely, firearms and ammunition) that were not seized.  (Crim. No. RDB-18-567, ECF No. 52.)  Importantly, the money judgment in the amount of $138,000 in U.S. currency remained unchanged.  (*Id.*)

On January 10, 2023, this Court received Petitioner's Motion for Return of Property, (Civil No. RDB-23-80, ECF No. 1), which the government opposes (Civil No. RDB-23-80, ECF No. 11).

**ANALYSIS**

Documents filed *pro se* are "liberally construed" and are "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citation omitted).  A motion to set aside an administrative forfeiture under 18 U.S.C. § 983(e) is the exclusive remedy by which to challenge a completed administrative forfeiture. 18 U.S.C. § 983(e)(5).  Under 18 U.S.C. § 983(e)(3), a motion to set aside an administrative forfeiture may not be filed "later than 5 years after the date of final publication of notice of seizure of the property."  A court must grant an interested party's motion to set aside a nonjudicial civil forfeiture if the movant lacked notice and (1) "the [g]overnment knew, or reasonably should

3

have known, of the moving party's interest and failed to take reasonable steps to provide such party with notice;" and (2) "the moving party did not know or have reason to know of the seizure within sufficient time to file a timely claim." 18 U.S.C. § 983(e)(1)(A)–(B). Actual notice is not required; rather, notice must be "reasonably calculated, under all the circumstances, to apprise interested parties." *Mullane v. Cent. Hanover Bank & Tr. Co.,* 339 U.S. 306, 314 (1950). The government bears the burden of proving adequate notice to an interested party in order to ensure that the party's due process rights are protected. *See United States v. Minor,* 228 F.3d 352, 358 (4th Cir. 2000). Publication of notice and mailing notice to an inmate's place of incarceration—provided there are adequate inmate mail delivery procedures in place—are sufficiently reasonable steps to provide such a party with notice of the forfeiture action. *Dusenberry v. United States*, 534 U.S. 161, 167–71 (2002).

Here, the Subject Property was seized at the time of the Petitioner's arrest and the execution of a federal search warrant on his vehicle on November 6, 2018. The date of final publication for the subject property was February 5, 2019, meaning Petitioner had until February 5, 2024 to file a motion to set aside the administrative forfeiture. Thus, Johnson's Motion for Return of Property is timely.

Nevertheless, Johnson's Motion fails the requirements set forth under 18 U.S.C. § 983(e)(1)(A) and (B). With respect to the requirement under § 983(e)(1)(A), the government sent notice to two addresses associated with Johnson, including his place of incarceration—Chesapeake Detention Facility ("CDF")—which has detailed policies and procedures in place to ensure that inmates receive their incoming mail with minimal interference or delay. CDF accepted the certified mailing of the notice of forfeiture on behalf of Johnson and returned

4

the receipt of delivery via U.S. Mail. In addition, the government published notice of forfeiture proceedings as to the Subject Property on www.forfeiture.gov.

With respect to the requirement under § 983(e)(1)(B), Johnson cannot plausibly claim that he did not know or have reason to know of the seizure, as the Subject Property was seized from his vehicle at the time of his arrest, and Johnson stipulated as much in his plea agreement.

Accordingly, Petitioner's Motion for Return of Property (Civil No. RDB-23-80, ECF No. 1) is DENIED.

## CONCLUSION

For the foregoing reasons, it is HEREBY ORDERED this 6th day of February, 2024, that:

1. Petitioner's Motion for Return of Property (Civil No. RDB-23-80, ECF No. 1) is DENIED and this civil action is DISMISSED WITH PREJUDICE;

2. Petitioner's Motion for Leave to File Reply, (Civil No. RDB-23-80, ECF No. 16) is DENIED AS MOOT;

3. The Clerk of this Court shall CLOSE THIS CASE (Civil No. RDB-23-80); and

4. The Clerk of this Court shall transmit copies of this Memorandum Order to Petitioner and Counsel of Record.

Dated: February 6, 2024

/s/
Richard D. Bennett
United States District Judge

5